RABAN, ADMINISTRATOR, RESPONDENT, *v.* CASCADE BANK,
APPELLANT.

(No. 2,210.)

(Submitted January 6, 1906.   Decided January 31, 1906.)

*Public Administrators—Banks—Estates—Mingling of Funds—*
*Effect—Conversion.*

Public Administrators—Banks—Funds of Estates—Mingling in One De-
   posit—Effect.
   1.   A public administrator mingled the funds derived from a number
   of estates in one general deposit in bank.   There was nothing to in-
   dicate to the officers of the bank the source from which the moneys
   came.   After the administrator's removal by the district court and
   the appointment of a special administrator for certain of the estates,
   the latter brought suit against the bank to recover a balance of
   $2,539.02 remaining to the credit of the defaulting public adminis-
   trator.   The court found that this sum belonged to one certain estate.
   *Held,* that in so finding the court erred, since the funds, when mingled
   in one general deposit in the bank, lost their identity, and that it
   was therefore impossible for the court to say that they belonged to
   any particular estate.
Public Administrators—Mingling of Funds of Estates—Conversion.
   2.   The mingling of all funds received by a public administrator
   from the different estates in his charge in one general deposit in a
   bank, in face of the provision of section 4521 of the Political Code,
   requiring him to deposit such moneys with the county treasurer, who
   is required to keep a separate account with each estate, constitutes con-
   version.

*Appeal from District Court, Cascade County; Sam Stephen-*
*son, Special Judge.*

ACTION by George Raban, as special administrator, against
the Cascade Bank of Great Falls, Montana.   From a judgment
in favor of plaintiff and from an order denying it a new trial,
defendant appeals.   Reversed.

*Mr. Thomas E. Brady,* for Appellant.

*Mr. Ransom Cooper,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

In 1896 F. A. Merrill was elected public administrator of

Cascade county and duly qualified and acted as such. In 1898 he was re-elected and again qualified and acted as such until the first Monday of January, 1901. During his two terms in office Merrill was appointed administrator of a large number of estates, among which were the Angers, Trattan, Chandler, Baldwin, Hawthorne, Bowers and Riley estates. He received large sums of money belonging to these estates, and, instead of depositing them with the county treasurer, he mingled the funds and deposited them all in the Cascade Bank in one general deposit to the credit of F. A. Merrill, administrator. In 1901 the district court made an investigation of Merrill's management of certain of these estates, and ascertained that he was delinquent in his accounts as such administrator, and made an order removing him and appointed the plaintiff, George Raban, special administrator of the above-named estates. About this time Merrill departed from the state, leaving in the Cascade Bank to his credit as administrator the sum of $2,539.02. The sureties on his official bond paid to the special administrator the following sums representing Merrill's delinquency with certain of the estates of which he was administrator, as follows: For the Bowers estate, $1,882.88; for the Hawthorne estate, $53.24; for the Riley estate, $671.78; and for the Baldwin estate, $382.41, and thereupon commenced an action against Merrill in his individual capacity and also as public administrator, to recover certain of the amounts so paid to the special administrator, and caused a writ of attachment to be issued and served upon the Cascade Bank as garnishee.

Thereafter Raban, as special administrator of the Angers, Chandler and Trattan estates, commenced an action against the Cascade Bank to recover the $2,539.02 remaining in that bank to the credit of Merrill. The complaint in this action contains three causes of action. A motion to strike, a general and a special demurrer were interposed, but all overruled, and the defendant bank answered putting in issue most of the material allegations of the complaint and setting forth some matters

by way of affirmative defense which were put in issue by reply. When the cause came on for trial, the defendant objected to the introduction of any testimony on behalf of the plaintiff, on the ground that the complaint does not state a cause of action. This objection was overruled and evidence received.

The testimony received on behalf of the plaintiff shows that Merrill had but one account with the defendant bank, and that was in the name of F. A. Merrill, administrator; that all funds which he deposited in the bank at all were deposited to the credit of this one account; that there was nothing to indicate the source from which the deposits came, and that the officers of the bank had no knowledge of the source, or whether they were private funds of Merrill or belonged to some estate or estates of which he was administrator. The evidence further shows that Merrill was constantly drawing funds from the bank upon his checks, many of which were drawn to his own order; that on June 8, 1900, he had withdrawn all moneys to his credit excepting $2.50; that thereafter he deposited to the credit of this one account approximately $8,350. Of this amount the evidence fairly shows that the Angers estate contributed about $4,360, the Bowers estate about $2,780; the Hawthorne estate about $267, and the Baldwin estate about $524. The evidence does not show the source of the remainder of the funds so deposited. Merrill drew from this account all but $2,539.02, and while some of the items so drawn can be traced as charges against particular estates, a great portion of the money so drawn appears to have been for Merrill's own use and benefit. Merrill actually received from the Angers estate about $5,620, but appears to have deposited only $4,360 of it in the bank. As against this estate he was entitled to charge about $240. When Merrill left the state he actually owed at least the following amounts: Bowers estate, $1,882.88; Hawthorne estate, $53.24; Riley estate, $671.78; Baldwin estate, $384.41; and the Angers estate about $5,378, and, as said before, had to his credit in the bank $2,539.02.

At the conclusion of plaintiff's case, defendant moved for a nonsuit on the ground that the plaintiff had failed to show that the funds to Merrill's credit in the bank belonged to either the Angers estate, the Trattan estate, or the Chandler estate. This motion was sustained as to the second and third causes of action, which relate respectively to the Chandler and the Trattan estates, and overruled as to the first cause of action, which relates to the Angers estate.

Upon the showing made as herein detailed, the court found that all the funds remaining to Merrill's credit in the bank belonged to the Angers estate, and entered judgment in favor of the plaintiff upon his first cause of action for that amount. From the judgment and an order denying it a new trial defendant bank appealed.

Many errors are assigned, but it will only be necessary to consider one. We entertain great doubt as to whether the complaint does or can be made to state a cause of action. Certainly, the allegations of the complaint, taken in connection with plaintiff's proof, show conclusively that the plaintiff ought not to recover in this action in any event, and defendant's motion for nonsuit should have been granted. As the proof offered by defendant did not tend in any manner to supply the deficiency in the plaintiff's case, the exception to the court's ruling is available here.

Section 4521 of the Political Code requires the public administrator, as administrator of any estate, to deposit all funds belonging to such estate and not required for current expenses of administration with the county treasurer, who is required to keep a separate account with each estate. When Merrill mingled all the funds received by him from the different estates, and in violation of the law deposited them in the defendant bank, he thereby converted them to his own use (*County of Pine* v. *Willard et al.*, 39 Minn. 125, 12 Am. St. Rep. 622, 39 N. W. 71, 1 L. R. A. 118), if he did nothing worse. (Penal Code, sec. 771.) The funds, when deposited in the bank in a general deposit, ceased to be the funds of Merrill or of any par-

ticular estate or estates, and became the funds of the bank.    (5 Cyc. 514, 517, 518.)    Merrill then merely had credit at the bank ●for whatever balance remained in his account, but the identity of the funds was lost.    It was simply impossible for the court to say that the balance to Merrill's credit belonged to the Angers estate or to any other estate.

We will not determine in this action whether or not the balance remaining to Merrill's credit might be subjected to, the claims of the various estates to which he was indebted, in case actions on Merrill's official bond should fail to recover sufficient to fully indemnify them, and a proper action was, or proper actions were, then instituted for that purpose.

The judgment and order are reversed and the cause is remanded.

<em>Reversed and remanded.</em>

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.